____ FILED ____ ENTERED
____ LOGGED ____ RECEIVED

NOV 0 9 2015

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

15-2327SAG

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Special Agent Kelvin Jackson, being first duly sworn, hereby depose and state as follows:

1. This is an Affidavit in support of a search and seizure warrant authorizing the search and seizure of an iPhone cellular telephone model No. A1428, bearing IMEI No. 013442006530330, and any attached Subscriber Identification Model (SIM) or memory card (hereinafter **Subject Electronic Device**) described more fully in Attachment A and incorporated by reference. The phone is currently in the custody of the Baltimore City Police Department (BPD).

2. The applied-for warrant would authorize the forensic examination of the **Subject Electronic Device** for the purpose of identifying electronically stored data particularly described in Attachment B and using the protocols described in Attachment B.

3. Because this Affidavit is being submitted for the limited purpose of establishing probable cause for a search warrant, I have not included every detail of every aspect of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause. I have not, however, excluded any information known to me that would defeat a determination of probable cause. The information contained in this Affidavit is based upon my personal knowledge, my review of documents and other evidence and my conversations with other law enforcement officers and other individuals. All conversations and statements described in this Affidavit are related in substance and in part unless otherwise indicated.

### YOUR AFFIANT

4. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and

1

Explosives (ATF) and a law enforcement officer within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, the offenses enumerated in Section 2516 of Title 18, United States Code.

5. I am currently assigned to a joint task force comprised of ATF agents and detectives from the Baltimore Police Department (BPD). I have been employed by the ATF since 2014. I have participated in numerous investigations focusing on illegal firearms, arsons, home invasions, gangs and Controlled Dangerous Substance (CDS) trafficking. I have conducted covert surveillance of suspected CDS traffickers, interviewed numerous individuals involved in gang activity, participated in the execution of numerous state and federal search and arrest warrants involving violent offenders and participated in the seizure of firearms and controlled dangerous substances. Through my training, education and experience, I have become familiar with the manner in which illegal firearms are sold, purchased and utilized in furtherance of crimes of violence. Additionally, I have become familiar with the manner in which firearms are illegally possessed by prohibited persons, as defined under section 18 U.S.C. § 922 (g).

6. I was previously employed as a Federal Officer by the United States Bureau of Customs and Border Protection (CBP) for one-and-a-half years. While employed as a CBP Officer, I assisted in the interdiction of numerous violent fugitives attempting to cross the United States-Mexico international border. Additionally, I have participated in numerous seizures of controlled dangerous substances imported into the United States.

7. Based on my knowledge, training and experience, I know that individuals involved with firearms offenses frequently use cellular telephones, communication devices, and other electronic media storage to further their illegal activities. Based upon your affiant's

knowledge, training, experience and participation in this and other firearms investigations, I know the following:

    a.    The fruits and instrumentalities of criminal activity are often concealed in digital form. Furthermore, digital camera technology is often used to capture images of tools and instrumentalities of pending criminal activity. Cell phones have both digital storage capacity and digital camera capabilities.

    b.    Individuals involved in firearms offenses often use digital storage devices to maintain telephone number "contact lists" of individuals who may have assisted in the planning of this and other criminal activity and sometimes take photographs and or videos of themselves and/or co-conspirators.

    c.    It has been my experience that individuals who possess or own hand guns or other weapons frequently photograph themselves holding the handguns or other weapons.

    d.    Finally, based on my training and experience, individuals who engage in firearms offenses often use cellular telephones to communicate with co-conspirators via phone calls and text messages.

## PROBABLE CAUSE

8.    On June 19, 2015, at approximately 9:30pm, a Maryland Transit Administration (MTA) Police Officer observed a vehicle illegally parked in a bus zone in the 5500 block of Harford Road, Baltimore, Maryland.

9.    As the MTA Officer began to write a parking citation, he observed a male subject (later identified as Jamal KIMBLE) in plain view, seated in the front passenger seat of a vehicle holding a firearm in one hand and the **Subject Electronic Device** in the other hand. KIMBLE appeared to be taking a picture of himself holding the firearm. The MTA Officer knocked on the

passenger side window of the vehicle and issued verbal commands to KIMBLE to put the firearm down and to remain inside the vehicle. KIMBLE threw the firearm through the vehicle window to the ground and stated, "Ok man, you got the gun." KIMBLE then crawled to the driver's side door, exited the vehicle and fled on foot. The MTA Officer retrieved the firearm which KIMBLE threw to the ground (later identified as a Para Ordnance, P12.45, .45 caliber semi-automatic pistol, bearing serial number RJ4863) and gave chase.

10. After a brief foot pursuit, the MTA Officer attempted to secure KIMBLE at which point, KIMBLE reached for the weapons in the MTA Officer's possession. The MTA Officer discharged his department issued service weapon striking KIMBLE one time in the pelvic area.

11. BPD Crime Laboratory Technician Units processed the crime scene and recovered, among other items: the Para Ordnance, P12.45, .45 caliber semi-automatic pistol, bearing serial number RJ4863; several rounds of ammunition and the **Subject Electronic Device.**

12. The Para Ordnance, .45 caliber pistol is a firearm as it is defined under federal law and was manufactured outside the state of Maryland. KIMBLE, a convicted felon, is prohibited from possessing firearms and has the following felony convictions:

- CDS – Possession with Intent to Distribute, 02/26/2004; 8th Circuit Court of Baltimore City, Maryland: Case no. 00103346044
- CDS – Manufacture/Distribute/Dispense NARC, 02/26/2004; 8th Circuit Court of Baltimore City, Maryland: Case no. 00104007049
- CDS – Manufacture/Distribute/Dispense NARC, 02/26/2004; 8th Circuit Court of Baltimore City, Maryland: Case no. 00104007048
- CDS – Manufacture/Distribute/Dispense NARC, 04/01/2008; 8th Circuit Court of Baltimore City, Maryland: Case no. 00107276043
- CDS – Manufacture/Distribute/Dispense NARC, 03/15/2010; 8th Circuit Court of Baltimore City, Maryland: Case no. 00108137025

## CONCLUSION

13. Based upon the information set forth in this affidavit, I believe that sufficient probable cause exists to believe that the **Subject Electronic Device**, contains evidence of violations of 18 U.S.C. § 922 (g)(1) by KIMBLE.

14. WHEREFORE, in consideration of the facts presented, I respectfully request that this Court issue a search warrant for the **Subject Electronic Device**, and authorize the search and the seizure of the items described in Attachment A, for the for the purpose of identifying electronically stored data particularly described in Attachment B and using the protocols described in Attachment B, which is evidence of violations of 18 U.S.C. § 922 (g) (1).

Respectfully submitted,

Kelvin Jackson
Special Agent
Alcohol, Tobacco, Firearms and Explosives

Sworn to before me this 27 day of October, 2015.

The Honorable Stephanie A. Gallagher
United States Magistrate Judge

5

## ATTACHMENT A – DESCRIPTION OF ITEMS TO BE SEARCHED

The device to be searched is an iPhone cellular telephone model No. A1428, bearing IMEI No. 013442006530330, and any attached Subscriber Identification Model (SIM) or memory card. The device is in the custody of the Baltimore City Police Department (BPD). The device will be charged and powered on. The device and all readable and searchable contents will be downloaded to a "CellBrite", "XRY", or similar device. The "CellBrite", "XRY", or similar device allows the user to bypass any password protected utility on the phone. The contents downloaded on the "CellBrite", "XRY", or similar device will then be copied to a readable computer disc and reviewed by your affiant. A search warrant return will be provided to the Court thereafter.

## ATTACHMENT B – SEARCH PROTOCOLS

This warrant authorizes the search and seizure of the digital images contained within the items described in Attachment A that are related to the investigation into violation of 18 U.S.C. § 922 (g)(1), as more fully described in the Affidavit.

Because of the possibility that the files examined pursuant to the warrant will include information that is beyond the scope of what the United States has demonstrated the existence probable cause to search for, the search shall be conducted in a manner that will minimize to the greatest extent possible the likelihood that files or other information for which there is not probable cause to search is not viewed.

While this protocol does not prescribe the specific search protocol to be used, it does contain limitations to what government investigators may view during their search, and the searching investigators shall be obligated to document the search methodology used in the event that there is a subsequent challenge to the search that was conducted, pursuant to the following protocol:

With respect to the search of any digitally/electronically stored information that is seized pursuant to this warrant, and described in Attachment A hereto, the search procedure shall include such reasonably available techniques designed to minimize the chance that the government investigators conducting the search will view information that is beyond the scope for which probable cause exists.

The following list of techniques is a non-exclusive list which illustrates the types of search methodology that may avoid an overbroad search, and the government may use other procedures that, like those listed below, minimize the review of information not within the list of items to be seized as set forth herein:

a. Use of computer search methodology to conduct an examination of all the data contained in such computer hardware, computer software, and/or memory storage devices to determine whether that data falls within the items to be seized as set forth herein by specific date ranges, names of individuals, or organizations;

b. Searching for and attempting to recover any deleted, hidden, or encrypted data to determine whether that data falls within the list of items to be seized as set forth herein;

c. Physical examination of the storage device, including digitally surveying various file directories and the individual files they contain to determine whether they include data falling within the list of items to be seized as set forth herein; and

d. Opening or reading portions of files that are identified as a result of conducting digital search inquiries in order to determine their relevance.